**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

WYNN RESORTS HOLDINGS, LLC,

    Plaintiff,

vs.

ENCORE ULTRA LOUNGE,

    Defendant.

2:14–cv–01564–JAD–VCF

    Before the court is Plaintiff's Motion for a Ninety (90) Day Extension of Time to Serve Defendant Encore Ultra Lounge (#9[1]).

**I.    Background**

    This is an action for trademark infringement, unfair competition and trademark dilution under federal statutes, with pendent state and common law claims for trademark infringement and dilution. Plaintiff alleged that Defendant's use of the ENCORE ULTRA LOUNGE trademark is unlawful and unauthorized. Plaintiff also asserts that Defendant's ENCORE ULTRA LOUNGE trademark is confusingly similar to and dilutive of Plaintiff's ENCORE trademarks, which Plaintiff uses in connection with a variety of goods and services, including entertainment, nightclub, cocktail lounge, bar and restaurant services, in connection with its world famous, multi-million dollar casino resorts located in Las Vegas, Nevada. On January 22, 2015, Plaintiff filed this instant motion to extend time to serve Defendant

---

[1] Parenthetical citations refer to the court's docket.

Encore Ultra Lounge (#9).  Plaintiff's motion to extend time to serve Defendant Encore Ultra Lounge is granted for the following reasons.

## II.     **Legal Standard**

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The courts determine "good cause" on a case-by-case basis and, at a minimum, good cause means excusable neglect. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001) (defining "good cause" under Fed. R. Civ. P. 4(m)). To establish good cause, a plaintiff must show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id*.

The district court may extend time for service of process retroactively after the 120-day service period has expired.  See *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

## III.     **Analysis**

Plaintiff's complaint was filed on September 24, 2014.  (#1).  The deadline to effectuate service of process was January 22, 2015.  *Id*; Fed. R. Civ. P. 4(m).  In Plaintiff's motion to extend time for service of process, Plaintiff argues that good cause exists because it has made significant efforts to accomplish service on Defendant. (#9). Plaintiff states that it has "made every effort to communicate with Defendant to possibly resolve this dispute and has spent considerable amounts of energy and time determining whether the Lounge was in fact open for business." (*Id.* at 9).  Plaintiff has tried to contact Defendant via email.  Plaintiff has hired an investigator to determine whether Encore Ultra Lounge was continuing

operation after Defendant stated that he was no longer in business. The investigator, over the course of several months, has determined that Defendant Encore Ultra Lounge was in operation. (*Id.* at 8).

Plaintiff's process server has tried to serve Defendant but due to Defendant's irregular hours, service of process has been unsuccessful. (#9-1 at 4).

Here, these efforts exceed *In re Sheenan's* "excusable neglect" standard. 253 F.3d at 512. Plaintiff has made considerable effort to serve Defendant with a copy of the Complaint and Summons. The time to effectuate service upon the Defendants has expired, and Plaintiff had made a showing of good cause and excusable neglect in order for the court to extend this deadline for an appropriate period. See Fed. R. Civ. P. 4(m); *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively). Plaintiff has demonstrated that (1) Defendant would suffer no prejudice if an extension of time to serve was granted and that (2) Plaintiff would be prejudiced if its complaint was dismissed. Thus, Plaintiff has shown due diligence and good cause exists to grant Plaintiff's motion.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for a Ninety (90) Day Extension of Time to Serve Defendant Encore Ultra Lounge (#9) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff has an additional ninety days from January 22, 2015, or by April 22, 2015, to effect service of process on defendant.

DATED this 16th day of February, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE